# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDALL W. HARDING,<br><br>    Petitioner,<br><br>v.<br><br>FEDERAL BUREAU OF PRISONS, et al.,<br><br>    Respondents. | 1:07-cv-01399-OWW-TAG HC<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF JURISDICTION<br><br>ORDER DIRECTING THAT OBJECTIONS BE FILED WITHIN TWENTY DAYS |

    Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

    On September 24, 2007, Petitioner filed the instant petition in this Court. (Doc. 1). At the time of filing, Petitioner was incarcerated in the Federal Prison Camp, Atwater, California, which is within the jurisdiction of this Court. On December 6, 2007, Petitioner filed a notice of change of address in which he indicated that he had been transferred to the Federal Prison Camp located in Florence, Colorado. (Doc. 6). The Federal Prison Camp at Florence, Colorado lies within the jurisdiction of the United States District Court for the District of Colorado.

    Writ of habeas corpus relief extends to a person in custody under the authority of the United States. See U.S.C. § 2241. While a federal prisoner who wishes to challenge the validity or constitutionality of his conviction must bring a petition for writ of habeas corpus under 28 U.S.C. § 2255, a petitioner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. See, e.g.,

United States v. Giddings, 740 F.2d 770, 772 (9th Cir. 1984); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990).  A habeas corpus petition under 28 U.S.C. § 2241 must be brought in the judicial district of the petitioner's custodian.  Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000); Brown, 610 F.2d at 677.

In Rumsfeld v. Padilla, 542 U.S. 426, 124 S.Ct. 2711 (2005), the United States Supreme Court clarified the law pertaining to which district court had jurisdiction over petitions filed under § 2241:

> The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is "the person who has custody over [the petitioner]." 28 U.S.C. § 2242; see also § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained"). The consistent use of the definite article in reference to the custodian indicates that there is generally only one proper respondent to a given prisoner's habeas petition.  This custodian, moreover, is "the person" with the ability to produce the prisoner's body before the habeas court. Ibid. We summed up the plain language of the habeas statute over 100 years ago in this way: "[T]hese provisions contemplate a proceeding against some person who has the immediate custody of the party detained, with the power to produce the body of such party before the court or judge, that he may be liberated if no sufficient reason is shown to the contrary." Wales v. Whitney, 114 U.S. 564, 574, 5 S.Ct. 1050, 29 L.Ed. 277 (1885)(emphasis added); see also Braden v. 30th Judicial Circuit Court of Ky., 410 U.S. 484, 494-495, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973) ("The writ of habeas corpus" acts upon "the person who holds [the detainee] in what is alleged to be unlawful custody," citing Wales, supra, at 574, 5 S.Ct. 1050); Braden, supra, at 495, 93 S.Ct. 1123 (" '[T]his writ ... is directed to ... [the] jailer,' " quoting In re Jackson, 15 Mich. 417, 439-440 (1867)).

Id. at 434-435.

When Petitioner originally filed the instant habeas corpus petition, he was incarcerated at the Federal Prison Camp, Atwater, California.  Because that facility was within the territory of the Eastern District of California, Fresno Division, this Court had jurisdiction over the action.  However, Petitioner was subsequently transferred to the Federal Prison Camp, Florence, Colorado, which is not within the territory of this Court, but is instead within the territory of the District of Colorado.

The proper respondent for a habeas petition brought under 28 U.S.C. § 2241 is the petitioner's warden.  See Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992).  Because Petitioner has now been transferred to the Federal Prison Camp, Florence, Colorado, the proper respondent for this action is now the warden of that facility.  Padilla, 542 U.S. at 434-435.  The United States Supreme Court has indicated that the *custodial* district is the only

district that would have jurisdiction over Petitioner's case because that is where he is presently confined. Id.

In order for a district court to have in personam jurisdiction over a petitioner's warden, the petitioner's place of confinement must be within the territorial limits of the district court. See id.; Giddings, 740 F.2d at 772. Because Petitioner is now incarcerated at the Federal Prison Camp, Florence, Colorado, the Court no longer has in personam jurisdiction over the Respondent in this action, i.e., Petitioner's warden. Thus, the Court no longer has jurisdiction over the petition. Should Petitioner wish to raise these claims, he must file a new habeas corpus petition under 28 U.S.C. § 2241 in the district court for the judicial district of Petitioner's current custodian, i.e., the United States District Court for the District of Colorado.[1]

## **RECOMMENDATIONS**

Accordingly, the Court RECOMMENDS that the instant petition be DISMISSED for lack of jurisdiction.

These Findings and Recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty (20) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within fifteen (15) court days (plus three days if served by mail) after service of the objections. The District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the

///
///

---

[1] The Court cannot simply transfer this case to the District of Colorado because, under either 28 U.S.C. § 1406(a) or § 1631, a prerequisite to transfer is that the transferee court be a court in which the petition could have been filed at the time of filing. At the time of filing of the instant petition, Petitioner could not have filed his petition in the District of Colorado because his custodian at that time was within the jurisdiction of this Court. Accordingly, the Court's only alternative is to dismiss the case.

specified time may waive the right to appeal the District Judge's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  **January 18, 2008**                             /s/ Theresa A. Goldner
                                                                 UNITED STATES MAGISTRATE JUDGE